THOMAS E. MONFORE AND CAROL L. MONFORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Monfore v. Commissioner
Docket No. 7148-86.
United States Tax Court
T.C. Memo 1988-197; 1988 Tax Ct. Memo LEXIS 232; 55 T.C.M. (CCH) 787; T.C.M. (RIA) 88197; May 4, 1988. Russel E. Templeton, for the petitioners. Andrew D. Weiss, Steven A. Wilson, and Irvin W. Fegley, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1979 in the amount of $ 13,889. The only issue before us is whether a deduction for alimony is attributable to a trade or business. The parties submitted this case fully stipulated pursuant to Rule 122. [1] All of the stipulated facts and attached exhibits are found accordingly and are incorporated herein by this reference. Petitioners Thomas E. *233 Monfore (petitioner) and Carol L. Monfore were husband and wife at the time their 1979 joint Federal income tax return was filed. They divorced in October, 1981. Both petitioners resided in Fresno, California, at the time the petition herein was filed. In 1982, petitioner made deductible alimony payments totaling $ 60,000 to his ex-wife which caused a net loss for petitioner for such year. In June, 1983, petitioners filed a claim for refund for income taxes paid in 1979 in the amount of $ 20,175 based on a carryback of petitioner's net loss in 1982 and a carryback of unused investment tax credits. [2] The parties have agreed that if petitioner's alimony deduction is not includable in the calculation of his 1982 net loss by operation of section 172(d)(4), [3] then no net operating loss exists to carryback to 1979. Section 172(d)(4) excludes certain deductions from being considered in the computation of a *234 net operating loss. This section states in relevant part: (d)(4) NONBUSINESS DEDUCTIONS OF TAXPAYERS OTHER THAN CORPORATIONS. -- In the case of a taxpayer other than a corporation, the deductions allowable by this chapter which are not attributable to a taxpayer's trade or business shall be allowed only to the extent of the amount of the gross income not derived from such trade or business. * * * Petitioners' argument is that since alimony represents a wife's marital property interest in the spouse's earnings and since all of petitioner's earnings in 1982 were from a trade or business, petitioner's alimony payments are attributable to a trade or business and are not subject to the section 172(d)(4) modification. Petitioners' argument is without foundation. Petitioner's alimony payments in 1982 were attributable solely to his marital relationship with petitioner Carol L. Monfore, and not to a trade or business of petitioner. The fact that all of petitioner's income may have been derived from a trade or business in 1982 is wholly irrelevant in determining whether payments out of such income are attributable to a trade or business. Accordingly, we hold that petitioner's deduction *235 for alimony is not attributable to a trade or business. Therefore petitioners do not have a net operating loss carryback to 1979 by virtue of petitioner's alimony payments in 1982. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent does not dispute that petitioners are entitled to a carryback of unused investment tax credits. ↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. ↩